UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEL PIMENTEL TRAVIEDO,

      Petitioner,

    v.                                  Case No.:  2:26-cv-01888-SPC-NPM

DHS *et al.*,

      Respondents,

                                      /

## **OPINION AND ORDER**

Before the Court are petitioner Michel Pimentel Traviedo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Pimentel Traviedo is a native of Cuba who was paroled into the United States on July 9, 2012.  On January 2, 2020, Immigration and Customs Enforcement ("ICE") issued a notice to appear, charging Pimentel Traviedo as inadmissible due to a 2018 conviction for cocaine possession.  An immigration judge ordered him removed to Cuba on February 3, 2020.  Immigration and Customs Enforcement ("ICE") released him on an order of supervision two weeks later.

On November 6, 2025, local law enforcement arrested Pimentel Traviedo for trespassing.  ICE took him into custody on November 14, 2025, and detained him at Alligator Alcatraz.  ICE recently transferred him to ERO El Paso Camp East Montana.  On January 14, 2026, Cuba refused to accept

Pimentel Traviedo for repatriation. In March 2026, ICE unsuccessfully attempted to remove him to Mexico. Pimentel Traviedo challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government concedes there is no significant likelihood Pimentel Traviedo will be removed in the reasonably foreseeable future and states it has no grounds to oppose his petition. The Court thus finds no significant likelihood Pimentel Traviedo will be removed in the reasonably foreseeable future. He is entitled to release from immigration detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Pimentel Traviedo to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Michel Pimentel Traviedo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Pimentel Traviedo within 24 hours of this Order and provide him telephone access so he can arrange transportation from the facility, unless he is returned to state custody

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record